**Opinion issued February 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00968-CR

———————————

**MARK AUBREY ROGERS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court**
**Colorado County, Texas**
**Trial Court Case No. 15-24295**

---

## MEMORANDUM OPINION

Appellant Mark Aubrey Rogers, Jr. attempts to appeal from a judgment of conviction entered on May 12, 2016. On May 25, 2016, the trial court granted the State's motion for a new punishment hearing.[*]

---

[*]   Although no clerk's record has been filed in this appeal, the clerk's record in appellant's related appeal, cause number 01-16-00583-CR, styled *Ex parte Mark Aubrey Rogers, Jr.*, contains the March 25, 2016 trial court order (and

Generally, an appellate court only has jurisdiction to review a final judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961); *Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no pet.). When a new punishment hearing has been granted, there is no final conviction to appeal. *See Norris v. State*, No. 02–10–014–CR, 2010 WL 1854138, at *1 (Tex. App.—Fort Worth May 6, 2010, no pet.) (dismissing appeal for lack of jurisdiction because no final, appealable judgment existed after trial court granted motion for new punishment hearing); TEX. R. APP. P. 21.9(b) ("Granting a new trial restores the case to its position before the former trial . . . .").

Because there is no longer an appealable judgment of conviction, we have no jurisdiction over this appeal and can take no action other than to dismiss the appeal. *See Collier v. State*, No. 14–13–00096–CR, 2013 WL 1197896, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet.) (dismissing appeal for lack of jurisdiction when no final judgment existed after motion for new trial was granted). Despite receiving notice of our intent to dismiss this appeal for lack of jurisdiction, appellant did not file a response.

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

---

the nunc pro tunc order correcting the date to May 25, 2016) granting the State's motion for a new punishment hearing.

**PER CURIAM**

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).